Palush MIRDITA, Petitioner,

v.

Alberto GONZALES, Attorney General, Respondent.

No. 06–4398–ag.

United States Court of Appeals, Second Circuit.

July 20, 2007.

Aleksander Milch, Christophe & Associates, New York, NY, for Petitioner.

Margaret M. Chiara, United States Attorney for the Western District of Michigan, John F. Salan, Assistant United States Attorney, Grand Rapids, MI, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Palush Mirdita, a native and citizen of the Former Republic of Yugo-

slavia (Kosovo), seeks review of an August 31, 2006 order of the BIA affirming the February 16, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Palush Mirdita,* No. A79 131 105 (B.I.A. Aug. 31, 2006), *aff'g* No. A79 131 105 (Immig. Ct. N.Y. City Feb. 16, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Despite Mirdita's arguments indicating otherwise, the only issue before this Court is whether the agency's changed country conditions finding is sufficiently supported by the record because that is the only ground upon which the BIA affirmed the IJ's decision. *See Zhi Wei Pang v. BCIS,* 448 F.3d 102, 107 (2d Cir.2006). The BIA fully adopted the IJ's changed country conditions finding; thus we review the IJ's decision on this point. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir. 2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. United States Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

In pursuing an asylum claim, if an applicant establishes past persecution, there is a presumption that he has a well-founded fear of future persecution. *See* 8 C.F.R. § 208.13(b)(1). That presumption can be rebutted, however, if the government establishes a "fundamental change in circum-stances such that the applicant no longer has a well-founded fear of persecution in the applicant's country of nationality." 8 C.F.R. § 208.13(b)(1)(i)(A). In this case, the IJ did not err in concluding that conditions in Kosovo had substantially changed since Mirdita's departure such that his fears of returning there were no longer objectively reasonable.

Mirdita correctly notes that the agency relied exclusively on reports from the U.S. State Department in making its changed circumstances finding. The IJ did not specifically indicate which documents she relied upon in reaching that finding; rather, she stated only that her conclusion was supported by "the background material." In *Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004), the Court warned the agency "not to place excessive reliance on published reports of the Department of State." Nonetheless, we have held that State Department reports are probative and it is not erroneous for the agency to rely on them. *See Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006). Here, the IJ made her finding based on her assessment of all of the country conditions evidence. In addition, we presume that the IJ has considered all of the country conditions evidence and that she was aware that the strife in Kosovo was over in large part. *See Hoxhallari v. Gonzales,* 468 F.3d 179, 187 (2d Cir.2006). Thus, Mirdita's argument that remand is required for reconsideration of all of the background evidence is without merit.

Moreover, substantial evidence in the record supports the IJ's conclusion that there has been a fundamental change in circumstances in Kosovo such that Mirdita's fear of returning is no longer well-founded. Several of the documents from human rights organizations explain that, despite various outbreaks of violence, the situation in Kosovo significantly improved

after the war ended in 1999. In addition, the State Department Report from 2004 indicates that human rights were generally respected in Kosovo, although it acknowledged instances of violence in certain locations. In light of the record evidence, the IJ was reasonable in concluding that the significant change in country conditions made Mirdita's fear of returning to Kosovo unreasonable. Accordingly, the IJ's denial of Mirdita's asylum claim on this basis is supported by substantial evidence.

Because the evidence Mirdita presented did not establish a well-founded fear of persecution for purposes of asylum, the IJ's denial of Mirdita's withholding of removal claim is also supported by substantial evidence. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Similarly, the IJ also did not err in denying Mirdita's CAT claim, which was based on the same factual predicate as his asylum claim. *See Kyaw Zwar Tun v. INS,* 445 F.3d 554, 567 (2d Cir.2006) (noting that torture is "an extreme form of cruel and inhuman treatment," which is "something more severe than the kind of treatment that would suffice to prove persecution").

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).